EDWARD A. DUFRESNE, JR., Chief Judge.
jzThis is an appeal by Burk Property Investments, LLC, intervenor-appellant, from a judgment of the district court setting aside a determination by the Jefferson Parish Board of Zoning Adjustments (BZA) that a proposed building met the C-1 Neighborhood Commercial District zoning requirements. The judgment further invalidated a parish permit that had been issued for construction of the building. The East End Bucktown Civic Association, Inc., petitioner-appellee, initiated the present court review of the BZA decision. For the following reasons we affirm the judgment of the district court.
The Jefferson Parish Department of Inspection and Code Enforcement issued a building permit to Burk for construction of an apartment hotel in a C-l Neighborhood Commercial District in the 300 block of Old Hammond Highway. The Bucktown neighborhood association sought review of that permit by the parish |SBZA, and that body determined that the issuance of the permit was proper. The association then instituted this court action to review the decision of the BZA. The Jefferson Parish Board of Zoning Adjustments was named as defendant and Burk Property Investments, LLC intervened. After a hearing the trial judge determined that the build *445 ing was not appropriate in the zoning classification and he reversed the decision of the BZA and voided the permit. Burk now appeals.
The zoning of the property in question is C-1, Neighborhood Commercial. Section 40-323 of the Jefferson Parish Zoning Ordinances, applicable to C-1 areas, states: “No building or structure shall exceed forty-five (45) feet in height.” The proposed building is to be an apartment hotel, a permitted use in C-1 areas, but its height is to be at least 75 feet. It is clear that the proposed building violates the zoning ordinance and therefore is not allowed.
Burk argues to the contrary that an apartment hotel falls within an exception to the height requirements. Specifically, it points to Section 40-737 of the zoning ordinance which exempts from height requirement appearing elsewhere in the code “churches; schools; hospitals; sanitariums; public, semipublic, and public service buildings; multi-family dwellings; office buildings and institutions.... ” It asserts that an apartment hotel is a “public, semi-public [or] public service building” within the meaning of this section. It further asserts that this has been a long standing interpretation used by the BZA. Whatever the truth of this latter assertion, we do not see how an apartment hotel could be deemed any sort of public building.
The parish zoning ordinance, Section 40-3, defines an apartment hotel as follows:
Apartment hotel shall mean a building designed for or containing both apartments and individual guest rooms or suites of rooms and apartments, wherein is maintained an inner lobby through which all tenants must pass to gain access to the apartments and catering to permanent and not transient tenants and which may furnish services ordinarily furnished by hotels such [4as drug store, barber shop, cigar and news stands, dining rooms, when such uses are located entirely within the building with no entrance from the street nor visible from any sidewalk and having no sign display visible from the outside of the building indicating the existence of such use.
We are unable to discern any basis for concluding that this would constitute a public building of any sort. By its own terms it is for permanent residents and none of its other potential services can have independent access nor can the presence of such services even be made known to the public by visible signs.
Burk further argues, however, that section 40-3 of the zoning ordinance has been amended since the decision of the district court was rendered in this case to provide a clearer definition of public or semi-public buildings as follows:
Public building or semi-public building shall mean any building frequented by the public or into which the public is invited, has access to, or has a right to resort for business, recreational, entertainment, educational, religious or other similar lawful purposes. The term public building includes governmental buildings but is not necessarily restricted to mean governmental building unless it is clear from the context of its usage that such a restrictive meaning is intended. Examples of public and semi-public buildings include, but are not limited to, office buildings, stores, malls, hotels, hospitals, churches, schools, museums, libraries, art galleries, theaters and assembly halls.
Even were we to consider this amended ordinance as controlling here, an apartment hotel would still not qualify as a public building. First, it is not named in the listed examples. Second, the one common aspect of all these examples is their open access to the public at large. An *446 apartment hotel by its own definition is not so open. Rather it is only for permanent residents, rather than transient residents as is a hotel. Although it provides ancillary services to its residents, these services may not have separate entrances, nor may their existence be brought to the public’s attention in any way. While an argument might be made that these services would be available to the- public were it to somehow discern their existence, in the context of the entire definition these services are clearly not intended to be open to the general public. Therefore, even were we to apply the amended definition of public |sbuildings we would still conclude that an apartment hotel by its own definition is not a public or semi-public building.
For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.